**Shamsul HOQUE, Petitioner,**

**v.**

18

Eric H. HOLDER, Jr.,* Attorney General, Respondent.

No. 08–2614–ag.

United States Court of Appeals, Second Circuit.

April 3, 2009.

Salim Sheikh, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG and Hon. RALPH K. WINTER, Circuit Judges.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner, Shamsul Hoque, a native and citizen of Bangladesh, seeks review of the April 30, 2008 order of the BIA affirming the May 15, 2006 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons pretermitting Hoque's application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hoque*, No. A 96 423 774 (B.I.A. Apr. 30, 2008), *aff'g* No. A 96 423 774 (Immig. Ct. N.Y. City May 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were not adopted by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

█ As an initial matter, Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," Hoque has challenged only purely factual determinations—i.e., that his illness was not an ex-traordinary circumstance excusing the untimely filing of his application. We therefore lack jurisdiction to review the agency's denial of Hoque's application for asylum. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329–331 (2d Cir. 2006).

Proceeding to consider the agency's denial of Hoque's application for withholding of removal and CAT relief, we find that the agency's credibility determination was supported by substantial evidence. This Court has held that "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) (finding that "even ancillary evidence sometimes supports" the application of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)). Indeed, "a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner." *Id.* Thus, "where an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence." *Id.*

█ Here, Hoque admitted that he knowingly submitted fraudulent photographs in support of his application for relief. The IJ's conclusion that the submission of that false evidence undermined his entire claim was a proper application of *falsus in uno*, especially where Hoque's alleged political activities were material to his eligibility for relief. *See id.* Hoque has presented no evidence compelling the conclusion that he testified credibly in light

of his prior submission of false evidence. *See Corovic,* 519 F.3d at 95.

■ Because the only evidence that Hoque was likely to be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).